1 desareelanadaple

2 LEONARDO M. RAPADAS
  United States Attorney
3 KRISTIN D. ST. PETER
  Special Assistant U.S. Attorney
4 Sirena Plaza, Suite 500
  108 Hernan Cortez Avenue
5 Hagåtña, Guam 96910
  PHONE: (671) 472-7332
6 FAX: (671) 472-7334



FILED
DISTRICT COURT OF GUAM
FEB - 2 2007
MARY L.M. MORAN
CLERK OF COURT

7 Attorneys for the United States of America

8

9              IN THE UNITED STATES DISTRICT COURT

10              FOR THE TERRITORY OF GUAM

11

12 UNITED STATES OF AMERICA,          )   CRIMINAL CASE NO.  **07-00014**
                                      )
13                    Plaintiff,      )
                                      )
14        vs.                         )   **PLEA AGREEMENT**
                                      )
15 DESAREE M.K. LANADA,               )
                                      )
16                    Defendant.      )
   _____)

17

18        Pursuant to Rule 11(c)(1)(B), the United States and the defendant, DESAREE M.K.

19 LANADA, enter into the following plea agreement:

20        1. The defendant, DESAREE M.K. LANADA agrees to enter a guilty plea to an

21 Information charging her with Theft of Government Property, in violation of 18 United States

22 Code, Sections 641.

23        2. The defendant understands that the <u>maximum</u> sentence for Theft of Property in an

24 amount less than $1,000.00, in violation of 18 U.S.C. § 641, as a Class A misdemeanor as

25 specified in 18 U.S.C. § 3559, is imprisonment for not more than one year and a maximum fine

26 of $100,000.00, together with any restitution as the court may order, and a $25 special

27 assessment fee as set forth in 18 U.S.C. § 3013. Any sentence of incarceration may include a

28 term of supervised release of not more than one year as set forth in 18 U.S.C. § 3583(b)(3). If

ORIGINAL

1  the court revokes a sentence of supervised release, the court may incarcerate the Defendant up to
2  an additional term of not more than one year. The $25 special assessment fee must be paid upon
3  sentencing. The government will recommend that defendant receive the low end of the
4  sentencing guidelines, a fine, and credit for time served, if any.

5      If defendant is financially unable to immediately pay the fine in full, defendant agrees to
6  make a full disclosure of her financial status to the United States Attorney's Office by
7  completing a Financial Disclosure Form (OBD-500) for purposes of fixing a monthly payment
8  schedule. Defendant understands that, by law, interest accrues on any remaining balance of the
9  debt.

10      3. The defendant understands that to establish a violation of Theft of Government
11  Property, in violation of 18 United States Code, Sections 641, the government must prove each
12  of the following elements beyond a reasonable doubt:

13      First, that the defendant knowingly and willingly stole property with the intention of
14  depriving the owner of the use or benefit of the property;

15      Second, the property belonged to the United States; and

16      Third, the value of the property was less than $1000.00.

17      4. The defendant understands that the Sentencing Guidelines are advisory only. The
18  Court may still utilize the sentencing guidelines as an aid to determine the sentence to be
19  imposed. The government and the Defendant stipulate to the following facts for purposes of the
20  sentencing:

21      a. The defendant was born in 1971, and is a citizen of the United States.

22      b. That on or about October 28, 2006, in the District of Guam, the defendant,
23  DESAREE M.K. LANADA, willfully and knowingly, did steal and purloin United States
24  property from the AAFES EXCHANGE located at ANDERSEN AIR FORCE BASE, Guam.
25  That the defendant, DESAREE M.K. LANADA, knowingly and willingly stole the property with
26  the intention of depriving the owner of the use or benefit of the property.   That property from
27  the AAFES EXCHANGE located at ANDERSEN AIR FORCE BASE, Guam, is property of the
28  United States. That the value of the property stolen and purloined from the AAFES

1 EXCHANGE, Guam, was $276.60. That the property from the AAFES EXCHANGE, Guam,
2 had come into the possession of the defendant, DESAREE M.K. LANADA, by virtue of her
3 concealing the merchandise and exiting the AAFES EXCHANGE, Guam.

4     5. The defendant understands that notwithstanding any agreement of the parties, the
5 United States Probation Office will make an independent application of the Sentencing
6 Guidelines or determine an appropriate sentencing range. The defendant acknowledges that
7 should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected
8 by her counsel or any other person, such discrepancy is not a basis to withdraw her guilty plea.

9     6. The defendant agrees to pay restitution as appropriate to the AAFES EXCHANGE in
10 Guam.

11     7. The defendant agrees to waive any right to appeal or to collaterally attack her
12 conviction. The defendant reserves the right to appeal the sentence actually imposed in her case.

13     8. The defendant acknowledges that she has been advised of her rights as set forth below
14 prior to entering into her plea agreement. Specifically, defendant has been fully advised of, has
15 had sufficient opportunity to reflect upon, and understands the following:

16     a. The nature and elements of the charge and the mandatory minimum penalty provided
17 by law, if any, and the maximum possible penalty provided by law;

18     b. Her right to be represented by an attorney;

19     c. Her right to plead not guilty and the right to be tried by a jury and at that trial, the
20 right to be represented by counsel, the right to confront and cross-examine witnesses against her,
21 and the right not to be compelled to incriminate herself, that is, the right not to testify;

22     d. That if she pleads guilty, there will not be a further trial of any kind on the charges to
23 which such plea is entered so that by entering into the plea agreement, she waives, that is, gives
24 up, the right to a trial;

25     e. That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions
26 about the offenses to which she has pled, under oath, and that if she answers these questions
27 under oath, on the record, her answers may later be used against her in a prosecution for perjury
28 or false statement if an answer is untrue;

1    f. That she agrees that the plea agreement is voluntary and not a result of any force,

2    threats or promises apart from her plea agreement;

3    g. That she reads, writes and speaks the English language and has no need for an

4    interpreter;

5    h. That she has read the plea agreement and understands it; and

6    i. The Defendant is satisfied with the representation of her lawyer and feels that her

7    lawyer has done everything possible for her defense.


10   DATED: _____

     DESAREE M.K. LANADA
11   Defendant


13   DATED: 2|2|07

14   RICHARD P. ARENS
     Attorney for Defendant


16   LEONARDO M. RAPADAS
     United States Attorney
17   Districts of Guam and NMI


19   DATED: _____    By: _____

20   KRISTIN D. ST. PETER
     Special Assistant U.S. Attorney


22   DATED: _____

23   JEFFREY J. STRAND
     First Assistant U.S. Attorney